**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00430-REB-MJW

AMERICAN RELIABLE INSURANCE COMPANY, an Arizona corporation,

    Plaintiff,

v.

COLORADO FARM BUREAU MUTUAL INSURANCE CO., a Colorado corporation,
COLORADO INTERGOVERNMENTAL RISK SHARING AGENCY, a Colorado agency,
JENNIFER DEVORE, an individual,
FIRE INSURANCE EXCHANGE, a Texas and California corporation, a/k/a Farmers Insurance and/or Farmers Property Insurance,
FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, a Michigan corporation,
GRANGE INSURANCE ASSOCIATION, a Washington corporation,
NATIONWIDE MUTUAL FOREMOST COMPANY, an Ohio corporation,
CHRISTINE SCHWARTZ, on behalf of her minor children, John Mason Schwartz and Wyatt E. Schwartz
JOHN E. SCHWARTZ, an individual,
JOHN E. SCHWARTZ, on behalf of his minor grandchildren Cody L. Schwartz and Jacob W. Schwartz,
THE STANDARD FOREMOST COMPANY, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, and
V & S RAILWAYS LLC, a Nevada and Utah corporation,

    Defendants.

## ORDER FOR FURTHER BRIEFING ON MOTIONS FOR DEFAULT JUDGMENT

**Blackburn, J.**

    This matter is before me on the following: (1) **Plaintiff's A) Motion for Entry of Clerk's Default Against Defendant Foremost Insurance Company Grand Rapids, Michigan, and B) Motion for Entry of Default Judgment Against Defendant**

**Foremost Insurance Company Grand Rapids, Michigan** [#47][1] filed July 17, 2009; and (2) **Plaintiff's A) Motion for Entry of Clerk's Default Against Defendant Fire Insurance Exchange (A/k/a Farmers Insurance And/or Farmers Property Insurance, and B) Motion for Entry of Default Judgment Against Defendant Fire Insurance Exchange (A/k/a Farmers Insurance And/or Farmers Property Insurance** [#48] filed July 17, 2009.  Having reviewed the motions, I direct the plaintiff to provide additional briefing on one issue raised by the motions.

In this interpleader action, the plaintiff insurance company, American Reliable Insurance Company, has deposited in the court registry 300,000 dollars.  The deposit represents the full amount of coverage under a farmers and ranchers insurance policy issued by American Reliable to its insureds, Samual and Michelle Martson.  American Reliable alleges that a wildfire occurred on or about April 15, 2008, in and around the town of Ordway, Crowley County, Colorado.  American Reliable alleges that the defendants named in this case have asserted or threatened to assert that the wildfire was caused by Samual Martson's conduct, and have submitted one or more demands for payment from American Reliable under the Martson insurance policy.  American Reliable says the total of the asserted claims against the policy is greater than the policy limit of 300,000 dollars.

The clerk has entered default against two of the defendants, Fire Insurance Exchange and Foremost Insurance Company Grand Rapids, Michigan.  Plaintiff American Reliable now seeks the entry of a default judgment against these two defendants.

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

As part of the relief sought by the plaintiff in its motions for default judgment, the defendants seek a default judgment that provides, *inter alia*, that the defaulting defendants are precluded from asserting any claim for money damages against the plaintiff's insureds, Samual and Michelle Martson, for any injuries, damages, or losses arising out of, or in any way related to, the April 15, 2008, wildfire in and around Ordway, Colorado.  The plaintiff cites no authority for the entry of such sweeping relief in this case.

**THEREFORE, IT IS ORDERED** that on or before August 14, 2009, the plaintiff **SHALL FILE** with the court a brief, limited to no more than ten (10) pages, outlining the legal authority on which the plaintiff relies for its request that the default judgments in this case include a provision providing that the defaulting defendants are precluded from asserting any claim for money damages against the plaintiff's insureds, Samual and Michelle Martson, for any injuries, damages, or losses arising out of, or in any way related to, the April 15, 2008, wildfire in and around Ordway, Colorado, or providing any limitation on the defaulting defendants ability to pursue a claim against Samual and Michelle Martson.

Dated July 31, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge